UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENKATESWARLU VURIMI, an individual; and ASHALATHA VURIMI,<br><br>        Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., a national association; NATIONSTAR MORTGAGE, LLC, a Delaware Corporation; and DOES 1-100, INCLUSIVE,<br><br>        Defendants. | No.  2:15-cv-02614-JAM-EFB<br><br>**ORDER GRANTING DEFENDANTS' AMENDED MOTION TO DISMISS** |

    This matter is before the Court on Defendants Wells Fargo Bank ("Wells Fargo") and Nationstar Mortgages' ("Nationstar") (collectively, "Defendants") amended motion to dismiss (Doc. ##14,15) the entirety of Plaintiffs Venkateswarlu and Ashalatha Vurimi's (collectively, "Plaintiffs") complaint (Doc. #1).  For the reasons stated below, Defendants' motion is GRANTED.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 19, 2016.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs formerly resided at 252 W. Arnaudo Blvd., Mountain House, CA 95391 ("the Property").  Compl. ¶ 1. Plaintiffs purchased the Property in 2005 and concurrently obtained a loan on the Property with Bank of America.  Id. ¶¶ 12, 13.  In 2010 Plaintiffs fell behind on their mortgage payments. Id. ¶ 14.  In 2011 or 2012, the servicing of the loan was transferred from Bank of America to Wells Fargo, id. ¶ 16; in 2013, or 2014, the servicing of the loan was transferred from Wells Fargo to Nationstar, id. ¶ 17.  In March 2015, Plaintiffs submitted for a loan modification with Nationstar.  Id. ¶ 21.

Plaintiffs allege that in June or July 2015, they were purportedly approved for a loan modification with Nationstar, but "the terms of the loan modification were so outrageous that it amounted to in essence a denial, as there would be no way for the Plaintiffs to be able to afford the loan modification."  Id. ¶ 22.  Furthermore, Plaintiffs claim that soon after the "purported" approval of their loan modification, they appealed the terms of the modification.  Id. ¶ 23.  Plaintiffs were under the belief that since they were in the appeal process to their loan modification decision, all sale date activity on the Property would be postponed and in "August 2015, Plaintiff Venkateswarlu Vurimi contacted representatives at Nationstar who informed Plaintiff that the sale date on the Property was 'on hold' due to the appeal."  Id. ¶ 25.

On October 6, 2015, Nationstar foreclosed on the Property and on October 13, 2015, a Trustee's deed was recorded transferring the title to the Property to Wells Fargo.  Id. ¶ 26.

Plaintiffs allege that the foreclosure occurred absent their knowledge. Id.

On November, 13, 2015, Plaintiffs brought this action against Defendants in San Joaquin County Superior Court and on December 17, 2015, Defendants removed this action to the Eastern District of California under diversity jurisdiction (Doc. #1). The complaint (id.) states five causes of action as follows: (1) breach of the covenant of good faith and fair dealing, (2) violation of California's Homeowner Bill of Rights ("HBOR") (Cal. Civ. Code §§ 2924(c),(e)), (3) "Unfair Business Practices", (4) "Set Aside Trustee's Sale," and (5) "Quiet Title." Defendants moved to dismiss (Doc. #7) and Plaintiffs filed an opposition brief (Doc. #12). The Court issued a minute order dismissing Defendants' motion without prejudice for failure to comply with the Court's Order requiring counsel to meet and confer prior to filing any motion (Doc. #13). Defendants then filed their amended motion to dismiss which Plaintiffs oppose. The Court now addresses the merits of Defendants' amended motion.

## II.   OPINION

### A.   Judicial Notice

Defendants request that the Court take judicial notice (Doc. #16) of the following documents related to the foreclosure of the Property: Exhibit 1: "Deed of Trust," recorded on July 27, 2005; Exhibit 2: "Notice of Default and Election to Sell under Deed of Trust," recorded on December 9, 2010; Exhibit 3: "Notice of Trustee's Sale," recorded on March 15, 2011; Exhibit 4: "Notice of Rescission of Declaration of Default and Demand for

3

1  Sale and of Notice of Default and Election to Sell," recorded on
2  August 9, 2011; Exhibit 5: "Notice of Default," recorded on
3  August 6, 2014; Exhibit 6: "Notice of Trustee's Sale," recorded
4  on November 21, 2014; Exhibit 7: "Trustee's Deed Upon Sale,"
5  recorded on October 13, 2015; and Exhibit 8: "Substitution of
6  Trustee and Assignment of Deed of Trust," recorded on December
7  24, 2010.  Each of the aforementioned documents is contained
8  within the official records of San Joaquin County.  Because these
9  documents are a part of the public record the Court may consider
10 these foreclosure documents.  See Angulo v. Countrywide Home
11 Loans, Inc., No. 1:09-CV-877-AWI-SMS, 2009 WL 3427179, *3 n.3
12 (E.D. Cal. Oct. 26, 2009) ("The Deed of Trust and Notice of
13 Default are matters of public record. As such, this court may
14 consider these foreclosure documents.")  Therefore, Defendants'
15 request for judicial notice is GRANTED.

16      Defendants also submit a supplemental request for judicial
17 notice (Doc. #19), in support of their Reply Brief, of Exhibits
18 A-D.  Exhibits A-D are complaints filed in different state court
19 proceedings.  However, Defendants have failed to show that the
20 contents of Exhibits A-D are relevant to the adjudication of
21 Defendants' motion to dismiss; when a request for judicial notice
22 contains "materials . . . therein [that] are not relevant to the
23 disposition" of the motion under consideration the request for
24 judicial notice is properly denied.  Cuellar v. Joyce, 596 F.3d
25 505, 512 (9th Cir. 2010).  Accordingly Defendants' supplemental
26 request for judicial notice is DENIED.

B.  <u>Analysis</u>

    1.  <u>Breach of the Covenant of Good Faith and Fair Dealing</u>

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." <u>Marsu, B.V. v. Walt Disney Co.</u>, 185 F.3d 932, 937 (9th Cir. 1999) (quoting <u>Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.</u>, 2 Cal.4th 342, 371 (1992)).

> Under California law, to allege a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege the following elements: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantively all of the things that the contract required him to do or that he was excused from having to do so; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff.

<u>Merced Irrigation Dist. v. Cty. of Mariposa</u>, 941 F.Supp.2d 1237, 1280 (E.D. Cal. 2013).

Defendants contend that "[i]f Plaintiffs intend to argue the Modification Approval was the predicate agreement [to their breach of the implied covenant of good faith and fair dealing claim], Plaintiffs do not, and cannot, demonstrate the Modification Approval was an enforceable contract." Mot. 4:12 n.4. In their opposition brief Plaintiffs contend: "Defendants incorrectly refer [to] the original 'Loan' as the basis for Plaintiffs' Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing[; h]owever, Plaintiffs' complaint clearly referred to the terms of the loan modification, not the original Loan.'" Opp'n 5:15-18. Within Plaintiffs' complaint Plaintiffs

5

1  allege that the loan modification is the agreement upon which
2  their claim of breach is contingent.  Compl. ¶ 33.
3       Because Plaintiffs never accepted the terms of Nationstar's
4  offer to modify their home loan, no binding agreement was
5  created.  Weddington Prods., Inc. v. Flick, 60 Cal.App.4th 793,
6  811 (1998) (citing Cal. Civ. Code §§ 1550, 1565 and 1580) ("If
7  there is no evidence establishing a manifestation of assent to
8  the 'same thing' by both parties, then there is no mutual consent
9  to contract and no contract formation.")  "Without a contractual
10 underpinning, there is no independent claim for breach of the
11 implied covenant." Fireman's Fund Ins. Co. v. Md. Cas. Co., 21
12 Cal.App.4th 1586, 1599 (1994).  Accordingly, Plaintiffs have
13 failed to allege a plausible claim for breach of the covenant of
14 good faith and fair dealing and Defendants' motion to dismiss
15 this claim is GRANTED. The Court finds that Defendants have not
16 demonstrated that amendment is futile and therefore Plaintiffs
17 are given leave to amend this portion of their complaint.  See
18 Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056
19 (9th Cir. 2007) (Dismissal without leave to amend is proper only
20 if it is clear that "the complaint could not be saved by any
21 amendment.")
22            2.   Violation of California's HBOR
23     Cal. Civ. Code § 2924.12 permits a borrower to bring a
24 lawsuit based upon a violation of the HBOR "[a]fter a trustee's
25 deed upon sale has been recorded" if "actual economic
26 damages . . . result[ed] from a material violation of
27 [s]ection . . . 2923.6. . . ."  Cal. Civ. Code § 2923.6 prohibits
28 foreclosing entities from proceeding with a foreclosure sale

while a loan modification review is ongoing.  Specifically the statute prescribes: "If a borrower submits a complete application for a first lien loan modification . . ." the foreclosing entity "shall not . . . conduct a trustee's sale, while the complete first lien loan modification application is pending."  Cal. Civ. Code § 2923.6.  This prohibition is lifted if "the borrower does not accept an offered first lien loan modification within 14 days of the offer." Cal. Civ. Code § 2923.6 subd. (c)(2).

"If a borrower is **denied** a modification "the borrower shall have at least 30 days from the date of the written **denial** to appeal the **denial**."  Cal. Civ. Code § 2923.6 subd. (d) (emphasis added).

In their complaint Plaintiffs allege that they did not accept the modification approval, Compl. ¶¶ 44-45, and that the sale did not proceed until three months after they were offered this approval, id. ¶¶ 44-45; 26.  Accordingly, Nationstars' sale complied with the relevant provisions of the HBOR.  Plaintiffs' contention that "the terms of the loan modification were so outrageous that it amounted to in essence a denial" is both conclusory and entirely unsupported by statute or case law and thus does not entitle them to the protections afforded to a borrower whose modification request is denied by Cal. Civ. Code § 2923.6 subd. (d).   Defendants' motion is GRANTED as to this claim, however, Plaintiffs are granted leave to amend.

### 3. Unfair Business Practices

California's Unfair Competition Law ("UCL") prohibits any "unlawful unfair or fraudulent business act or practice."

7

Berryman v. Merit Prop. Mgmt., Inc., 152 Cal.App.4th 1544, 1554 (2007). "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal.App.4th 612, 619 (1993). To state a claim under the UCL Plaintiffs must "identif[y the] particular section of the statutory scheme which was violated and . . . describe with . . . reasonable particularity the facts supporting violation." Id. "Under California law, any unlawful business practice, including violations of laws for which there is no direct private right of action, may be redressed by a private action under [the UCL]." Summit Tech., Inc. v. High-Line Med. Instruments, Co., 933 F. Supp. 918, 943 (C.D. Cal. 1996). "An unfair business practice [exists when] the public policy which is a predicate to the action [is] tethered to specific constitutional, statutory or regulatory provisions." West v. JPMorgan Chase Bank, N.A., 214 Cal.App.4th 780, 806 (2013) (internal citations omitted).

Defendants contend that "[b]ecause the UCL claim is derivative, and . . . Plaintiffs' other claims fail . . ., so too does their third claim for violation of the UCL." Mot. 8:16-17. Plaintiffs counter that "Plaintiffs have properly pled numerous causes of action against Defendants." Opp'n 8:7-8. For the reasons stated herein Plaintiffs' other causes of action against Defendants fail to plausibly allege a claim permitting a contingent claim under the UCL. Therefore, Defendants' motion to dismiss Plaintiffs' UCL claim is GRANTED. Plaintiffs are granted leave to amend this claim.

4.   <u>Set Aside Trustee's Sale</u>

"A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." <u>Moeller v. Lien</u>, 25 Cal.App.4th 822, 831 (1994). "As a general rule, a trustee's sale is complete upon acceptances of the final bid." <u>Nguyen v. Calhoun</u>, 105 Cal.App.4th 428, 440-41 (2003). "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly." <u>Moeller</u>, 25 Cal.App.4th at 831.

> [T]he elements of an equitable cause of action to set aside a foreclosure sale are: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

<u>Lona v. Citibank, N.A.</u>, 202 Cal.App.4th 89, 104 (2011).

Within Plaintiffs' complaint Plaintiffs allege that a Nationstar representative represented that the sale of the Property was on hold due to Plaintiffs' appeal and that Defendants breached this promise by executing the foreclosure sale. Compl. ¶¶ 25, 59.  Plaintiffs also allege that "Defendants knew and intended that Plaintiffs would rely on the misrepresentations and agreements made" and that Plaintiffs reasonably did so.  <u>Id.</u> ¶ 61.

Defendants argue that the "contended misrepresentations by Defendants are subject to Federal Rule of Civil Procedure 9(b)."

9

Mot. 9:12-13.  Rule 9(b) prescribes in relevant part: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "Merely making general conclusory allegations of fraud, and then reciting a list of neutral facts, is not sufficient." Stack v. Lobo, 903 F. Supp. 1361, 1367 (N.D. Cal. 1995). Plaintiffs' conclusory allegation that an unidentified individual at an unidentified time made "communications, representations, and agreements" that the trustee's sale was postponed is not sufficient to satisfy the specificity required to state a claim of misrepresentation under Rule 9(b).  Compl. ¶ 59.  Accordingly, Plaintiffs fail to plead facts sufficient to demonstrate that "the trustee . . . caused an illegal, fraudulent, or willfully oppressive sale of [the property] pursuant to a power of sale in a . . . deed of trust."  Lona, 202 Cal.App.4th at 104. Defendants' motion to dismiss this claim is GRANTED, however, Plaintiffs are given leave to amend.

        5.    Quiet Title

Plaintiffs seek to quiet Wells Fargo's title to the Property; specifically Plaintiffs allege that Wells Fargo's title was "wrongfully obtained in violation of the foreclosure statutes, making the [t]rustee's [d]eed void or voidable." Compl. ¶ 67.  For the reasons discussed above, Plaintiffs have failed to demonstrate that Defendants violated any foreclosure statutes in the course of the foreclosure sale. Accordingly, Defendants' motion to dismiss Plaintiffs' claim to quiet title is GRANTED and, as with the other claims, Plaintiffs are given leave to amend.

III.   ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss WITH LEAVE TO AMEND.

As a final matter, Defendants' reply is three pages longer than the page limit allowed by this Court's standing order. See Order re Filing Requirements (Doc. #2-2) at p. 1.  In accordance with that order the Court has not considered any arguments made past page 5 of the reply brief and Defendants' counsel, Severson & Werson, is sanctioned in the amount of $150.  Id.  Counsel is to pay this amount within five days of the date of this Order.

Plaintiffs shall file their Amended Complaint within twenty days of this Order.  Defendants' responsive pleading shall be filed within twenty days thereafter.

IT IS SO ORDERED.

Dated: May 4, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE